# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CAPITAL ONE BANK (USA), N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                      ) | No. 4:17-cv-1484 NAB |
| ) | |
| DOUGLAS D. JOHNSON, ) | |
| ) | |
| Defendant.                       ) | |

### MEMORANDUM AND ORDER

Presently before this Court is plaintiff Capital One Bank (USA), N.A.'s motion to remand, filed pursuant to 28 U.S.C. § 1447.  (Doc. 8).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

### Background

On October 12, 2016, Capital One Bank (USA), N.A. ("Capital One") filed a civil complaint in the 21st Judicial Circuit Court in St. Louis County, Missouri, seeking a judgment in the amount of $1,737.81 against defendant Douglas D. Johnson ("Johnson"), a Missouri resident. *See Capital One Bank (USA), N.A. v. Douglas D. Johnson*, case no. 16SL-AC26745 (21st Jud. Cir. Oct. 12, 2016).  Briefly, the complaint alleges that Capital One issued a credit card to Johnson, and that Johnson used the card but did not make required payments.

On May 9, 2017, Johnson filed a notice of removal in this Court.  Although rambling and confusing, the notice of removal apparently bases removal jurisdiction on federal question jurisdiction.  Johnson avers: "[t]his civil action stems from a lawsuit filed in the 21st Judicial

1

Circuit court of ST LOUIS COUNTY MISSOURI.  (Case No: 16SL-AC26745)." (Doc. 1) (emphasis in original).  Johnson states that "[o]n numerous occasions they were asked to validate the debt" and that:

> Their refusal to produce shows them in violation of CFR 807. And § 808.  Unfair practices in accordance TITLE 28 USC CHAPTER 176 – FEDERAL DEBT COLLECTION PROCEDURE The Federal Debt Collection Procedure places all courts under equity and Commerce and under the International Monetary Fund.

(*Id.*) (emphasis in original).  Along with the notice of removal, Johnson filed a motion seeking leave to proceed *in forma pauperis* (Doc. 4).

On May 31, 2017, Capital One filed the instant Motion to Remand, arguing, *inter alia*, that this matter should be remanded because there is no basis for federal jurisdiction.  In response, Johnson filed a "Motion to Remain in U.S. District Court." (Doc. 11).  Therein, Johnson moves "this court dismiss their cause of remand and we will use their false documents that they have entered into this cause to show the pattern in which they have submitted into all the causes which shows their lack of respect of court's purpose and disregard for the law in their malicious continuous actions of R.I.C.O." (*Id.* at 1).  Johnson avers "[t]he defendant which they claim has never been served based upon the fact defendant is an extension of a title which is held within a UCC security agreement contract which is "Exhibit (a) the deliverer refused to take two legal documents by two Secretary of States and threw the summons on the edge of the curb.  He was informed that we are the administrator of the estate in which we considered not to be personally served." *(Id.* at 1-2).  Johnson also avers that the state court judge "took on the duties of an Administrator for St. Louis County Government in name only which has a 9199 Industry Group 919: General Government, Not Elsewhere Classified 9199 General Government, Not Elsewhere Classified," and asserts that Capital One violated "Federal Debt Collection

2

Procedure" and engaged in "malicious R.I.C.O. activity." (*Id.* at 2-4).

For the reasons discussed below, the Court finds that this action is not removable to federal court. Johnson will be permitted to proceed *in forma pauperis* in these proceedings only, and this action will be remanded to the 21st Judicial Circuit Court.

## Discussion

A defendant may remove a civil action from state court to federal court only if the claims could have been filed in federal court originally. 28 U.S.C. § 1441; *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). In removal cases, the district court reviews the complaint or petition in the underlying case to determine federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. *Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp.*, 626 F.2d 280 (3rd Cir. 1980).

Removal based on "federal-question jurisdiction is governed by the 'well-pleaded-complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). The district court must construe the removal statute narrowly, and resolve all doubts regarding federal jurisdiction in favor of remand. *Id*.

In the case at bar, Johnson's notice of removal specifies case number 16SL-AC26745, the 21st Judicial Circuit case noted, *supra*. In that case, Capital One's complaint is based solely

upon state law.  It raises no federal question, and therefore can provide no basis for federal question jurisdiction.  The Court has also reviewed Johnson's notice of removal, and concludes that it provides no basis for federal question jurisdiction.  Johnson cites the Federal Debt Collection Procedure Act, which relates to debts and judgments owed to the United States, a situation irrelevant to this case.  Johnson also names federal regulations and statutes, but it is either unclear exactly what he is citing, or how it relates to his case.  Finally, to the extent Johnson can be understood to claim the right to removal because he has a defense, counterclaim or declaratory judgment action based upon federal law, such claim fails.  *Caterpillar Inc.*, 482 U.S. at 393 (a case may not be removed to federal court on the basis of a federal defense); (*First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) ("[c]ounterclaims, cross-claims, and third-party claims cannot be the basis for removal" under § 1441); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (a counterclaim cannot establish "arising under" jurisdiction).

Therefore, if jurisdiction exists at all, it must be predicated upon diversity of citizenship.  However, Capital One and Johnson are both domiciled in Missouri, and the amount in controversy in Capital One's complaint is less than the jurisdictional threshold.  *See* 28 U.S.C. § 1332(a).  Even if the requirements for diversity jurisdiction were met, this action would not be removable because Johnson is a citizen of the state in which the action was brought.  *See* 28 U.S.C. §  1441(b) (actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").  This action will therefore be remanded to the 21st Judicial Circuit Court in St. Louis County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Johnson's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED** for the purposes of these proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand filed by Capital One (Doc. 8) is **GRANTED** to the extent Capital One requests that this matter be remanded to the 21st Judicial Circuit Court in St. Louis County, Missouri**.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand filed by Capital One (Doc. 8) is **DENIED** to the extent Capital One requests an award of fees and costs.

**IT IS FURTHER ORDERED** that Douglas D. Johnson's Motion to Remain in U.S. District Court (Doc. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that Notice of Motion Hearing filed by Capital One (Doc. 17) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the 21st Judicial Circuit Court in St. Louis County, Missouri.

Dated this 25th day of July, 2017.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE